NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0355n.06
Filed: May 4, 2005

No. 04-5210

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

THOMAS MILLS and NITA MILLS,

      Plaintiffs-Appellants,

                                        ON APPEAL FROM THE

v.                                     UNITED STATES DISTRICT

                                        COURT FOR THE EASTERN

HOME DEPOT U.S.A., INC.,                DISTRICT OF TENNESSEE

      Defendant-Appellee.

_____/

Before:      MARTIN, COOK and LAY, Circuit Judges.[*]

      BOYCE F. MARTIN, JR., Circuit Judge.  Thomas and Nita Mills assert several claims pertaining to their personal injury action against Home Depot for damages resulting from a fall sustained by Thomas Mills.  For the following reasons, we **AFFIRM** the district court on each issue.

I.

      On March 4, 2001, Thomas and Nita Mills went shopping at a Home Depot store in Chattanooga, Tennessee.  While there, Thomas apparently sat on a patio chair that was on display. The chair gave way, causing Thomas to fall over backwards and strike his head and back on the concrete floor.  The Millses filed the instant complaint against Home Depot in Tennessee state court on October 4, 2001, claiming that Thomas suffered substantial personal injuries from the fall.  Home

_____

[*]The Honorable Donald P. Lay, United States Circuit Judge for the Eighth Circuit, sitting by designation.

Depot removed the case to federal court based on diversity jurisdiction. Prior to the beginning of trial, Home Depot filed a stipulation of liability and the trial was conducted on the issue of damages only. The jury returned a verdict for the Millses, awarding damages in the amount of $39,898 ($5,000 for physical pain and suffering; $18,576 for medical expenses; and $16,322 for lost earning capacity), which was significantly less than the three million dollars requested by the Millses. On November 20, 2003, the Millses moved for a new trial, and their motion was denied by the district court in a memorandum opinion on February 6, 2004. The Millses timely filed this appeal, claiming that the district court abused its discretion in allowing allegedly misleading deposition testimony and in denying their motion for a new trial based on counsel for Home Depot's alleged improper and prejudicial remarks during closing argument and an allegedly inconsistent jury verdict.

II.

This Court reviews for an abuse of discretion both the district court's decision to allow opinion testimony, *JGR, Inc. v. Thomasville Furniture Indus., Inc.*, 370 F.3d 519, 524 (6th Cir. 2004), and the district court's denial of a motion for a new trial, *Webster v. Edward D. Jones & Co.*, 197 F.3d 815, 818 (6th Cir. 1999).

The Millses first claim on appeal that the district court erred in admitting deposition testimony elicited on Home Depot's cross examination of Thomas Mills's back surgeon, Dr. Paul Broadstone. The Millses claim that counsel for Home Depot asked Broadstone a series of hypothetical questions, which were not supported by the evidence, resulting in misleading testimony regarding Thomas's medical history. On direct examination, Broadstone generally testified to the effect that it was his opinion that Thomas's back injuries were causally related to the fall at Home

Depot. In an effort to undermine that opinion, counsel for Home Depot, on cross examination, asked

Broadstone several questions about whether he was aware of certain events in Thomas's medical

history that may have contributed to the injuries he suffered. The challenged testimony reads as

follows:

Q (Home Depot counsel): Were you told that in 1976 [that Thomas] had problems with muscle spasms in his low back and had a lifting injury to his low back?

A (Dr. Broadstone): Again, I don't have that in my history.

Q: And history is what you're asking the patient about[,] his history, correct?

A: Yes.

Q: All right. Were you aware that he also had a back injury in 1979 from a lifting incident in which he had to be prescribed pain medication and was diagnosed with scoliosis?

A: Again, that was not part of the history we obtained on the first day.

Q: What about a low back injury from 1980 while he was at work and he had problems with straight leg raising and had to get pain medication and had to wear a back brace? Did he tell you about that?

A: No, sir.

Q: Were you aware in 1993 that [Thomas] was diagnosed with chronic low back pain which was so bad it was causing recurrent depression? Did he give you that history?

A: No.

Q: Have you reviewed the full body bone scan that was done in April of 1999 showing the degenerative changes in his low back?

A: [Thomas] [d]id not report he had had a bone scan.

According to the Millses, this line of questioning, particularly the final two questions, was

"misleading," and "serve[d] no purpose in this case but to confuse the issues presented to the jury."

We disagree. The challenged line of questioning appears to us to be particularly relevant to

the validity of the opinions rendered by the witness, Dr. Broadstone, because it suggests that

Broadstone was not fully informed of Thomas's medical history. Furthermore, the Millses have

failed to challenge the factual basis for the questions, as it appears that the incidents cited by counsel

for Home Depot did occur. The Millses only appear to claim that the 1993 episode was merely an inguinal infection and could not have contributed to the injuries in this case, and that the bone scan taken in 1999 was for chest pain rather than a back problem. These issues appear to relate to the weight of Broadstone's testimony, rather than its admissibility, and are therefore properly considered by the jury. *See, e.g.*, *United States v. L.E. Cooke Co.*, 991 F.2d 336, 342 (6th Cir. 1993). Thus, because we can find no ground upon which to conclude that the district court abused its discretion in allowing this testimony, we affirm the district court's admission of the challenged evidence.

The Millses' second claim is that the district court abused its discretion in denying their motion for a new trial based on counsel for Home Depot's closing argument. In support of this claim, the Millses point to an isolated statement made at the beginning of the argument: "Ladies and gentlemen, a few things that were mentioned by [counsel for the Millses]: We have all the medical records. That proof was never placed before you today. We don't know if we have all the medical records or not." According to the Millses, this statement suggests that there might be other medical records, that were not introduced at trial, that could reveal further back problems in Thomas's medical history. This, the Millses claim, was prejudicial, and thus a new trial is required.

"In order to be entitled to a new trial, [the Millses] must show both that the closing argument was improper and that [the Millses were] prejudiced by the impropriety, that is, that there is a reasonable probability that the jury's verdict was influenced by the improper argument." *Fuhr v. Sch. Dist. of City of Hazel Park*, 364 F.3d 753, 760 (6th Cir. 2004). We conclude that the district court did not abuse its discretion in denying the motion for a new trial on this ground. The Millses fail to present a convincing case as to why the challenged argument was improper. The

argument—that the jury could not be sure that it had all of the medical records—is a reasonable inference from the evidence admitted at trial suggesting that Thomas failed to be candid about his previous medical conditions. In fact, counsel for Home Depot merely appears to have been responding to plaintiff counsel's own claim in his closing argument that he had "given you[, the jury,] all the records." We can find no legal authority suggesting that such comments are improper. Furthermore, it appears unlikely that there is a "reasonable probability" that the allegedly prejudicial comment influenced the jury's verdict, given the other evidence in the record indicating the existence of a back condition prior to the accident at Home Depot. For these reasons, we hold that the district court did not abuse its discretion in denying the motion for a new trial based on Home Depot's allegedly improper and prejudicial statements in closing argument.

The final issue presented by the Millses on appeal is whether the district court erred in determining that the jury's verdict was within the confines established by state law. The Millses claim that the jury's award on past lost wages/loss of earning capacity was inconsistent with their expert evidence presented in the district court. The Millses's claim on this issue is meritless. The district court properly noted that the argument is misguided because it

> ignores the countervailing evidence [that was introduced at trial]. . . . [I]t is obvious the jury discounted some of [the Millses'] proof and credited the opposing proof. Once we view the jury's verdict from the vantage point of its evident conclusion that some of [Thomas's] loss of earning capacity was due to his pre-existing back problems[,] then the alleged inconsistency disappears.

We agree with the district court's conclusion, and we hold that the court was within its discretion to deny the motion for a new trial on this ground.

III.

For the aforementioned reasons, we **AFFIRM** the district court on all issues.